UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL K. VERBLE,

        Plaintiff,

        v.

J.F. STIVENS,

        Defendant.

_____/

No. C 10-0090 PJH

**ORDER FOR CLARIFICATION**

On January 7, 2010, plaintiff filed a form complaint in this case for judicial review of a decision by the Commissioner of Social Security, and the clerks office for this court subsequently characterized the case as a social security *appeal*. Plaintiff also filed a request to proceed *in forma pauperis*. The attachments to plaintiff's complaint are incomprehensible, and based on the fact that plaintiff has not actually named the Commissioner as the defendant, a February 8, 2010 "subpoena to produce documents" filed by plaintiff, and a February 16, 2010 "motion for summary judgment," it appears to the court that this case is not actually an *appeal*.

Plaintiff is advised that a social security appeal requires a final decision by an administrative law judge or "ALJ" denying him disability benefits pursuant to 42 U.S.C. § 405(g). If this is actually an appeal, then plaintiff's motion for summary judgment and request for documents are premature as the Commissioner has not yet been served, nor has the Commissioner answered plaintiff's complaint. The court notes for plaintiff that if this is indeed an appeal, the Commissioner will serve him with a "certified copy of the transcript of the administrative record" with its answer, thus rendering his subpoena request unnecessary. For the plaintiff's information, the court includes below language

from the controlling local rule, Civil L.R. 16-5, which provides:

> In actions for District Court review on an administrative record, the defendant must serve and file an answer, together with a certified copy of the transcript of the administrative record, within 90 days of receipt of service of the summons and complaint. Within 28 days of receipt of defendant's answer, plaintiff must file a motion for summary judgment pursuant to Civil L.R. 7-2 and FRCivP 56. Defendant must serve and file any opposition or counter-motion within 28 days of service of plaintiff's motion. Plaintiff may serve and file a reply within 14 days after service of defendant's opposition or counter-motion. Unless the Court orders otherwise, upon the conclusion of this briefing schedule, the matter will be deemed submitted for decision by the District Court without oral argument.

However, as noted, the court questions whether this case actually constitutes an appeal of an ALJ's decision denying benefits. Because the standards for evaluating plaintiff's application to proceed in forma pauperis differ depending on whether plaintiff is appealing a decision of an ALJ or is filing a civil complaint alleging other claims, plaintiff is ORDERED to file with this court **no later than Monday, March 8, 2010,** a copy of the ALJ's final decision denying his claim for social security benefits, and if that is not available to him, a written statement specifying when and whether he appeared before an ALJ for a hearing on his application for social security benefits, and when the ALJ denied his application for social security benefits.

 If after review of plaintiff's March 8, 2010 filing, the court determines that plaintiff is *not* appealing a denial of social security benefits but is instead attempting to sue a public agency for other violations, then the court will screen plaintiff's complaint under 28 U.S.C. § 1915 at that time.

A ruling on plaintiff's application to proceed in forma pauperis will be deferred until the court receives plaintiff's written statement and/or a copy of the ALJ's decision denying social security benefits.

**IT IS SO ORDERED.**

Dated: February 22, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge