UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL K. VERBLE

    Plaintiff(s),

    v.

J.F. STIVENS, et al.,

    Defendant(s).
_____/

No. C 10-0090 PJH

**ORDER DISMISSING COMPLAINT AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

    The court received plaintiff's complaint and application to proceed in forma pauperis, both filed in this court on January 7, 2010. Although plaintiff's action was initially designated an appeal from a social security decision, the court was unable to determine the propriety of such designation due to incomprehensibility of plaintiff's submissions. Thus, on February 22, 2010, the court issued an order for clarification, notifying plaintiff that appeals from underlying benefits decisions made by Social Security Commissioner require a final decision by an administrative law judge ("ALJ"), and requesting plaintiff to provide a copy of any such decision to the court. The court's order further notified plaintiff that in the event the court determined, after submission of plaintiff's response, that plaintiff's complaint was not a true appeal from a denial of social security benefits, the complaint would be screened pursuant to 28 U.S.C. § 1915.

    On March 2, 2010, plaintiff filed his response to the court's request for clarification. As with plaintiff's original complaint, however, plaintiff's filed response is incomprehensible and unintelligible, and attaches various photocopied documents, the relevance of which is unexplained. To the extent the court can divine any substantive assertions from plaintiffs' response, it is at a minimum apparent, however, that plaintiff has failed to include any final

decision issued by an ALJ, or any documents that demonstrate plaintiff's request for a hearing with an ALJ. In view of this, and the additional reference plaintiff's filing makes to the fact that he is pursuing a "broad spectrum 'Civil Complaint,'" the court accordingly screens plaintiff's complaint and his attendant in forma pauperis application, pursuant to 28 U.S.C. § 1915.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. See 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissal on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id. at 324. Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

Here, as noted, the gravamen of plaintiff's case is difficult to discern, as the vast majority of allegations are nonsensical. Plaintiff alleges, for example, that he is demanding "the acessment [sic] be recovered under the 'Safety Act' of [his] 'Trust Liquidation' attempt of April 15, 2004," and that he seeks the "impeachment of G.W. Bush," and that plaintiff went "overseas to cut out the Appellate Justices" in relation to certain case citations. See Docket No. 1, at page 3 ("Complaint"). The complaint then recites a litany of disjointed

statutory citations, none of which are tied together via coherent allegations of any kind. See generally Complaint. As a result, it is impossible to discern from plaintiff's complaint the actual legal theories under which he seeks relief. Plaintiff alleges no facts in support of his complaint, states no basis for the court's subject matter jurisdiction, and does not identify any recognizable causes of action.

As such, plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Accordingly, pursuant to its authority under 28 U.S.C. § 1915(e)(2), the court hereby DISMISSES plaintiff's complaint, and plaintiff's request to proceed in forma pauperis is DENIED.

The court will, however, allow plaintiff an opportunity to file an amended complaint. For that amended complaint to be successful, plaintiff must: allege a basis for federal subject matter jurisdiction; allege separate causes of action; allege a violation of federal statutory or constitutional law as a basis for each cause of action; and allege facts showing each defendant's personal involvement in the wrongful act alleged in each cause of action, as well as plaintiff's harm or injury.

Any amended complaint must be filed no later than **April 1, 2010**. If no timely amended complaint is filed, the case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: March 3, 2010

PHYLLIS J. HAMILTON
United States District Judge