UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL K. VERBLE,

    Plaintiff,

    v.

J.F. STIVENS, et al.,

    Defendants.

_____/

No. C 10-0090 PJH

**ORDER OF DISMISSAL**

Plaintiff filed his original complaint and request to proceed in forma pauperis on January 7, 2010. After requesting initial clarification from plaintiff regarding the nature of his complaint and request, this court entered an order sua sponte dismissing plaintiff's complaint on March 3, 2010, because it was impossible to discern from plaintiff's complaint the actual legal theories under which he sought relief, as required by Rule 8 of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff was advised to file an amended complaint complying with FRCP 8 no later than April 1, 2010 or the case would be dismissed with prejudice.

On March 25, 2010, plaintiff filed a one page long letter, containing titles relating to "Venue" and "Petition to proceed in Forma Pauperous [sic]," the substance of which is impossible to decipher.[1] As the filing was made subsequent to the court's March 3 order,

---

[1] In addition to plaintiff's March 25, 2010 filing, the court has received dozens of emails – under various titles, including a purported "amended complaint" – sent by plaintiff to the court's "proposed order" inbox. Since none of these emails have been duly filed with the clerk of the court, however, the court has been unable to construe them as properly filed documents in the case, let alone take action upon them (though any action would have been impossible, as the emails are incomprehensible). Thus, the court has taken action on the only document appropriately filed in the court's docket. In view of the ruling herein, plaintiff is furthermore instructed to refrain from sending any additional emails to the court's proposed order inbox.

and within the time frame contemplated by the court for the filing of an amended complaint, the court construes plaintiff's March 25, 2010 filing as a timely filed amended complaint.

Having reviewed this amended complaint, however, the court concludes that plaintiff has failed to amend his complaint as instructed. Specifically, plaintiff has failed to allege a basis for federal subject matter jurisdiction; allege separate causes of action; allege a violation of federal statutory or constitutional law as a basis for each cause of action; and allege facts showing each defendant's personal involvement in the wrongful act alleged in each cause of action, as well as plaintiff's harm or injury.

Based on the foregoing, the court has considered the five factors set forth in Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987), and has determined that notwithstanding the public policy favoring the disposition of actions on their merits, the court's need to manage its docket and the public interest in the expeditious resolution of the instant litigation require dismissal of this action. In view of plaintiff's lack of a meaningful response to this court's prior order, the court finds there is no appropriate less drastic sanction.

Accordingly, this action is DISMISSED with prejudice pursuant to Fed. R. Civ. Pro. 41(b) for plaintiff's failure to prosecute.

**IT IS SO ORDERED.**

Dated: March 30, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge